HERMAN B. BOUTET, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Appeal — order of Appellate Division reversing judgment upon facts and granting new trial — appeal therefrom dismissed.*

*Boutet* v. *City of New York,* 199 App. Div. 835, appeal dismissed.
(Submitted January 30, 1923; decided February 27, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 10, 1922, reversing upon the facts and the law a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

*Richard J. Cronan* and *John Burlinson Coleman* for appellant.

*George P. Nicholson,* Corporation Counsel (*John F. O'Brien, Elliot S. Benedict* and *David C. Broderick* of counsel), for respondent.

Appeal dismissed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

WILLIAM B. KIBBEE et al., Doing Business under the Firm Name of A. S. KIBBEE & SON, Appellants, *v.* JOHN J. LYONS et al., as Members of the Canal Board of the State of New York, Respondents.

*Constitutional law — canals — statute providing for abandonment for canal purposes of portion of old Erie canal valid.*

*Kibbee* v. *Lyons,* 202 App. Div. 562, affirmed.
(Argued January 30, 1923; decided February 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 22, 1922, unanimously affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term. The action was brought to restrain the defendants, comprising the canal board of the state of New York, from proceeding with the abandonment for canal purposes of a section

of the state canal system located between locks 1 and 2 in the city of Albany. The action was based upon the grounds: *First*, that chapter 687 of the Laws of 1921, which purported to amend section 3 of chapter 147 of the Laws of 1903, not having been submitted to the people of the state of New York to be voted upon, was ineffectual to amend or repeal chapter 147 of the Laws of 1903, known as the " Canal Referendum Act," and is, therefore, unconstitutional. *Second*, that the act diverts money to a different purpose than that for which it was appropriated and is, therefore, unconstitutional.

*Alphonso T. Clearwater, Charles W. Walton, Chester Wood* and *Charles J. Tobin* for appellants.

*Charles D. Newton, Attorney-General (C. T. Dawes* and *Edward J. Mone* of counsel), for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

JOSEPH K. LARKIN et al., Copartners under the Firm Name of J. K. LARKIN & Co., Appellants, *v.* THEODORE GEISENHEIMER et al., Copartners under the Firm Name of GEISENHEIMER & Co., Respondents.

*Contract — sale — sale of goods subject to inspection — where goods are rejected seller's remedy action for breach of contract, not for goods sold and delivered.*

*Larkin* v. *Geisenheimer*, 201 App. Div. 741, affirmed.

(Argued January 31, 1923; decided February 27, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 14, 1922, reversing a judgment in favor of plaintiffs entered upon a verdict and granting a new trial. The complaint alleged a cause of action for goods sold and delivered, *i. e.*, that on October 24, 1917, at the city of New York the plaintiffs sold to defendants and defendants purchased of plaintiffs 9,000 pounds of tacks at forty-two cents per pound, amounting in all to $3,780; that it was agreed that the tacks were to be manufactured